IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY L. VOWELL d/b/a RBK
MANUFACTURING, JC PUMP CO. LLC,
and J.D. COOK, INC.,

          *Plaintiffs*,

vs.

COFFEYVILLE RESOURCES REFINING
& MARKETING, LLC,

          *Defendant*.

Case No. 09-1303-EFM

**MEMORANDUM AND ORDER**

    Plaintiffs are seeking recovery for damages they allegedly incurred as a result of approximately 90,000 gallons of crude oil, diesel, and other pollutants being released from Defendant's refinery into the Verdigris River. This matter is now before the Court on Defendant's motion to strike the report and testimony of Plaintiff's expert, Richard West (Doc. 55). For the reasons stated below, the Court denies Defendant's motion

**I. BACKGROUND**

    To estimate the amount of lost profits that it suffered as a result of oil being released from Defendant's refinery on July 1, 2007, Plaintiff J.C. Pump Co. LLC ("JC Pump") retained the services of Richard West, an individual who practiced as a Certified Public Accountant for twenty-eight years before starting his own consulting company nearly twenty years ago. In his expert

report, relying primarily upon JC Pump's sales figures for the ten quarters leading up to the oil release, West estimates that JC Pump has lost $3.8 million in profits since the flood. Believing that West's methodology and proffered opinions do not satisfy the reliability standards imposed *by Kumho Tire Co. v. Carmichael*[1] and *Daubert v. Merrell Dow Pharmaceuticals*[2], Defendant has filed a motion seeking to prevent JC Pump from presenting West's testimony and report at trial.

## II. STANDARD

Opinions based on scientific, technical, or specialized knowledge are governed by Rule 702. Rule 702 provides that a witness who is qualified by knowledge, skill, experience, training, or education may testify in the form of opinion or otherwise as to scientific, technical or other specialized knowledge if such testimony will assist the trier of fact to understand the evidence or to determine a fact in issue, "if, (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[3] A district court has broad discretion in deciding whether to admit expert testimony.[4]

The proponent of expert testimony must show "a grounding in the methods and procedures of science which must be based on actual knowledge and not subjective belief or unaccepted speculation."[5] To determine whether an expert opinion is admissible, the Court performs a two-step

---

[1] 526 U.S. 137 (1999).

[2] 509 U.S. 579 (1993).

[3] Fed. R. Evid. 702.

[4] *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (citing *Orth v. Emerson Elec. Co., White-Rodgers Div.*, 980 F.2d 632, 637 (10th Cir. 1992)).

[5] *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 780 (10th Cir. 1999).

analysis. First, the Court must determine "if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his discipline.' "[6] The Court must then inquire into whether the proposed testimony is sufficiently "relevant to the task at hand."[7] An expert opinion "must be based on facts which enable [him] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required."[8]

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is "generally accepted" in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability.[9]

*Daubert* sets forth a non-exhaustive list of four factors that the trial court may consider when conducting its inquiry under Rule 702: (1) whether the theory used can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) general acceptance in the scientific community.[10] These factors may or may not be pertinent, depending on the nature of a particular issue, the expert's particular expertise, and the subject of the expert's testimony; however, the Court may consider these factors where they are a reasonable measure of reliability, which is a consideration the Court has broad latitude to determine.[11]

---

[6]*Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (quoting *Daubert* v. *Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993)).

[7]*Id.* (quoting *Daubert*, 509 U.S. at 597).

[8]*Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

[9]*Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2004).

[10]*Daubert*, 509 U.S. at 593-94.

[11]*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999).

## III. ANALYSIS

In its motion, Defendant does not argue that West is not qualified to offer an opinion relating to JC Pump's lost profits; rather, it focuses its efforts exclusively on the issue of whether the process West used to reach his conclusions is sound. According to Defendant, West's methodology is unreliable because it allegedly fails to account for a number of variables that Defendant believes are important, the period of time it uses to calculate the amount of lost profits, September 1, 2007 to September 1, 2008,[12] is too long, and there is no evidence showing that JC Pump was unable to fill any sales orders.

After reviewing the parties' briefing and the authority cited therein, the Court concludes that Defendant's arguments do not hold water. Boiled down to its essence, Defendant's motion does nothing more than set forth Defendant's reasons for why it disagrees with West's conclusions. While Defendant's belief that West's model fails to account for certain variables or relies on incorrect assumptions provides a basis to cross-examine West, it does not furnish a basis for having him excluded. To survive Defendant's *Daubert* motion, Plaintiff only needed to show that West's methodology – relying on past results to predict future performance – is not unaccepted by the expert community and that there is a factual basis for the assumptions that West has relied upon. The Court is satisfied that Plaintiff JC Pump has met these requirements. As a result, it denies Defendant's motion.

---

[12] West started the damage period on September 1, 2007, as opposed to July 1, 2007, because JC Pump informed him that it would have taken it sixty days to clean up the plant even if the flood waters had not contained oil.

**IT IS THEREFORE ORDERED** that Defendant's motion to strike the report and testimony of Plaintiff's expert, Richard West, (Doc. 55) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 9th day of May, 2011.

                                                 /s Eric F. Melgren
                                                 ERIC F. MELGREN
                                                 UNITED STATES DISTRICT JUDGE